CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 12 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:08-cv-00080 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **FIORE, et al.**, | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |

Plaintiff Jonathan Lee Riches, a prisoner proceeding pro se, filed this motion which the court will construe as an action pursuant to 42 U.S.C. § 1983.[1] As Riches has not submitted the necessary $350.00 filing fee for a civil action, the court will also construe his pleading as a request to proceed in forma pauperis and deny that request.

According to court records, Riches has had well over three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[2] Therefore, Riches may not proceed with this action unless he either pays the $350.00 filing fee or shows that he

---

[1] In the caption of his motion, Riches indicates that Keith A. Roberts is also a plaintiff to this action. However, only Riches has signed the motion and no address or contact information has been provided for the other "plaintiff." Further, Riches filed ten (10) other actions on the same day in which he names multiple plaintiffs to each action. See Riches v. Bentley, et al., No. 7:08cv00070; Riches v. Hoover, et al., No. 7:08cv00071; Riches v. Julian, et al., No. 7:08cv00072; Riches v. O'Connor, et al., No. 7:08cv00073; Riches v. Lanzon, et al., No. 7:08cv00074; Riches v. Overton, et al., No. 7:08cv00075; Riches v. Starr, et al., No. 7:08cv00076; Riches v. Tobin, et al., No. 7:08cv00077; Riches v. Peel, et al., No. 7:08cv00078; Riches v. Fiore, et al., No. 7:08cv00080. It appears to the court that Roberts is not aware of the filing of this action, and therefore, the court will not consider him as a plaintiff to this action. If Roberts wishes to re-file this claim in his own name, he may do so by separate action. Moreover, to the extent Riches tries to bring this claim as a class action, it fails because a class action suit is not properly brought by a pro se litigant. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

[2] See, e.g., Riches v. Bureau of Prisons, No. 6:06cv00194 (D. S.C. Mar. 20, 2006); Riches v. Bush, No. 4:06cv00442 (D. S.C. Mar. 22, 2006); Riches v. Doe, No. 1:07cv20042 (S.D. Fla. Jan. 24, 2007); Riches v. Guantanamo Bay, No. 2:07cv13041 (E.D. Mich. Aug. 8, 2007); Riches v. Swartz, No. 7:07cv00379 (W.D. Va. Aug. 13, 2007); Riches v. James, No. 1:07cv02486 (N.D. Oh. Aug. 23, 2007); Riches v. Bonds, No. 3:07cv00375 (N.D. Ind. Aug. 16, 2007); Riches v. Pelosi, No. 3:07cv03695 (N.D. Ca. Aug. 30, 2007); Riches v. Schiavo, No. 8:07cv01644 (M.D. Fla. Sept. 18, 2007); Riches v. Snipes, No. 5:07cv00376 (M.D. Fla. Sept. 24, 2007); Riches v. Simpson, No. 6:07cv01504 (M.D. Fla. Sept. 24, 2007); Riches v. Shiavo, No. 8:07cv01730 (M.D. Fla. Sept. 27, 2007); Riches v. Wal-Mart Stores Inc., No. 4:07cv00780 (E.D. Ark. Oct. 2, 2007); Riches v. Peterson, No. 3:07cv04539 (N.D. Ca. Oct. 3, 2007); Riches v. Craig, No. 1:07cv00538 (D. Del. Oct. 5, 2007); Riches v. Brady v. Maryland, 373 U.S. 83, 8:07cv02666 (D. Md. Oct. 9, 2007); Riches v. Noriega, No. 2:07cv00619 (M.D. Fla. Oct. 17, 2007); Riches v. Trump, No. 3:07cv00478 (D. Nev. Oct. 17, 2007).

is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Riches has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court dismisses his complaint without prejudice.[4]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This ___ day of February, 2008.

United States District Judge

---

[3] Riches alleges that the defendants are "corrupted minors" who have placed his life in danger. Considering that Riches is in prison at FCI Williamsburg and he does not allege that the defendants have any physical access to him, the court finds that his allegations fail to show that he is under imminent danger of serious physical danger.

[4] The court has previously notified Riches that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give Riches additional time to pay the filing fee or amend his complaint.